UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HORIZON SHIPBUILDING, INC. &
AMERICAN LONGSHORE MUTUAL
ASSOCIATION LTD.,

    Plaintiffs,

v.                                                              Case No 3:23cv24755-MCR-HTC

ALBERT JACKSON,

    Defendant.
_____/

## ORDER

This cause comes on for consideration of the Magistrate Judge's Report and Recommendation ("R&R"), ECF No. 20, recommending that the undersigned grant Plaintiffs Horizon Shipbuilding, Inc., and American Longshore Mutual Association, Ltd.'s (collectively, "Horizon") Motion to Dismiss, ECF No. 1, and Motion to Strike, ECF No. 13.[1]  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  *Pro se* Defendant Albert Jackson objected.  After considering the R&R and making a *de novo* determination of all timely filed objections, I have determined that the R&R should be adopted.[2]

---

[1] Jackson filed a Motion to Dismiss, ECF No. 12, which the Court reads as a response to Horizon's Motion to Dismiss.

[2] When reviewing a magistrate judge's R&R, the Court reviews *de novo* all aspects to which a party has specifically objected and "may accept, reject, or modify, in whole or in part, the

**I. Background**

Jackson filed a workers' compensation claim under the Longshore and Harbor Workers' Compensation Act ("LHWCA") after injuring his knee while working for Horizon. The Administrative Law Judge ("ALJ") awarded Jackson compensation and medical treatment. A dispute arose between the parties regarding the medical treatment, and Jackson filed a separate claim alleging additional bodily injuries—this claim was consolidated with his previous claim for discovery purposes. During discovery, the ALJ ordered Jackson to (1) attend an independent medical examination and (2) authorize the release of relevant personal information. Jackson disregarded the ALJ's discovery orders, unsuccessfully seeking reconsideration and appeal. The ALJ thereafter certified facts to the district court to determine the appropriate sanctions against Jackson pursuant to 33 U.S.C. § 927(b).

Horizon initiated this action by filing a "Motion for Order Dismissing Claim with Prejudice Pursuant" to the LHWCA, asking the Court to find that Jackson failed to comply with the ALJ's discovery orders and dismiss his claims with prejudice. ECF No. 1. Jackson filed the following: (1) Motion to Dismiss, ECF No. 12, which is, in effect, a response in opposition to Horizon's motion; and (2) Notice of a Constitutional Challenge, challenging the constitutionality of 29 C.F.R. § 18.86,

---

findings or recommendations made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2007) (stating that a "district court is generally free to employ the magistrate judge' findings to the extent that it sees fit").

which is a regulation limiting the recording of ALJ hearings.  ECF No 11.  The Magistrate Judge held a hearing in order to allow the parties to present arguments and evidence.  Only Horizon's counsel appeared.

The R&R recommends that the Court grant Horizon's Motion to Dismiss, ECF No. 1, and dismiss Jackson's LHWCA claims with prejudice based on his willful failure to comply with the ALJ's discovery orders.  Jackson's Motion to Dismiss, ECF No. 12, which the Magistrate Judge read as a response to Horizon's Motion to Dismiss, should therefore be denied.  The R&R also recommends that the Court grant Horizon's Motion to Strike, ECF No. 13, Jackson's Notice of a Constitutional Challenge, ECF No. 11, because the constitutional claim is not properly before the Court.  Jackson objects to the R&R because he says the ALJ has not ruled on previous motions for protective order and, therefore, dismissal of his LHWCA claims is inappropriate.  Additionally, Jackson alleges that his constitutional challenge is related to his LHWCA claims.

**II. Discussion**

*A. Motion to Dismiss*

Under 33 U.S.C. § 927(b), when an individual disobeys a lawful order in a proceeding before an ALJ, the ALJ shall certify the facts to the district court, which may punish as contempt of court any disobedience or resistance to a lawful order issued during the administrative proceedings if the evidence so warrants.  33 U.S.C. § 927(b)*; see, e.g., Ports Am. Outer Harbor Terminal/Ports Ins. Co. Inc. (NOCAL)*

Case No. 3:23cv24755-MCR-HTC

*v. Hayes*, 2018 WL 5099272, at *5 (N.D. Cal. Mar. 7, 2018) ("find[ing] that any sanction less than dismissal would not be appropriate" since the claimant's "failure to cooperate with the" ALJ's discovery order "effectively blocked [employer's] ability to develop evidence to rebut the statutory presumption of compensability"), *report and recommendation adopted*, (N.D. Cal. Mar. 27, 2018).  Here, the Court overrules Jackson's objections and adopts the R&R because Jackson does not refute that he did not comply with the ALJ's discovery orders and fails to provide exhibits containing evidence that contradicts the ALJ's findings of fact.  While Jackson contends that the Court should not adopt the R&R because the ALJ failed to rule on several motions for protective order before certifying the facts to this Court, the motions for protective order were ruled on by the ALJ and addressed in the R&R.[3]

### B. Motion to Strike

The Court also adopts the R&R and overrules the objections to granting Horizon's Motion to Strike Jackson's Notice of a Constitutional Challenge to 29 C.F.R. § 18.86.[4]  In his objections, Jackson does not present any additional arguments that are not already addressed in R&R.  The Court agrees with the R&R that Horizon's Motion to Dismiss has nothing to do with the recording of the

---

[3] Jackson points to a July 24, 2023, Opposition to Employer/Carrier's Motion to Compel and an August 25, 2023, Response to [Horizon's] Motion in Opposition to Claimant's Motion to Reconsider and Motions for a Protective Order and Sanctions.  ECF No. 1-12.

[4] More specifically, 29 C.F.R. § 18.86. states that "[e]lectronic devices must be silenced and must not disrupt the proceedings. Parties, witnesses and spectators are prohibited from using video or audio recording devices to record hearings."  *Id.*

Case No. 3:23cv24755-MCR-HTC

proceedings. Jackson's constitutional challenge pursuant to 29 C.F.R. § 18.86 cannot be brought as a counterclaim against Horizon because Horizon is not responsible for enforcing that regulation. Additionally, Jackson has already raised this issue in his appeal to the Benefits Review Board, which determined that "[i]t is well established there is no constitutional right, under the First Amendment, to record judicial or administrative government proceedings, especially if the proceeding in question is open to the public and/or the person seeking permission to record is granted the opportunity to attend the hearing or proceeding in question." ECF No. 1-16 at 6.

Accordingly, the Magistrate Judge's Report and Recommendation, ECF No. 20, is adopted and incorporated by reference in this Order.

1. Horizon's Motion for Order Dismissing Jackson's LHWCA Claim, ECF No. 1, is **GRANTED**, and the claims in OALJ Case No. 2022-LHC-01332 and No. 2023-LHC-00118 are **DISMISSED** with prejudice.

2. Jackson's Motion to Dismiss, ECF No. 12, is **DENIED**.

3. Horizon's Motion to Strike, ECF No. 13, is **GRANTED**.

4. The clerk shall close the file.

**DONE AND ORDERED** this 8th day of August 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**